**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Lieberman, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Target Corporation, et al.,<br><br>Defendants. | No. CV-24-00450-PHX-DGC<br><br>**ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), the parties have filed a stipulated motion for a protective order. Doc. 20. The parties seek protection to facilitate the exchange of the in-store video surveillance of the accident. *Id.* at 20-1. The Court will deny the motion without prejudice.

"It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct. – N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) (citations omitted). "Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *Id.*; *see Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) ("[A] 'good cause' standard 'applies to private materials unearthed during discovery[.]'") (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)); *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("Any [Rule 26(c)] order . . . requires

that the court's determination 'identify and discuss the factors it considered in its 'good cause' examination[.]'") (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002)).

"For good cause to exist, the party seeking protection bears the burden of showing *specific prejudice or harm* will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-11 (emphasis added); *see Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211; *see Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) ("We reasoned in *Phillips* that when a district court grants a protective order to seal documents during discovery, 'it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'").

The parties' one-sentence stipulation does not identify specific prejudice or harm that will result from public disclosure of the in-store video surveillance of the accident. And the order seems to permit the designation of other information as confidential, with no description of that information or why there is good cause to protect it under Rule 26(c).

The Court will deny the stipulation without prejudice to the parties filing a stipulation or motion that makes the required showing. The parties should at a minimum identify specific categories of information they seek to protect and provide a sufficient factual basis for the Court to engage in the scrutiny required by Rule 26(c).

**IT IS ORDERED** that the parties' stipulated motion for entry of protective order (Doc.20) is **denied** without prejudice.

Dated this 27th day of August, 2024.

David G. Campbell
Senior United States District Judge